# GIVEN *v.* NEW YORK ATHLETIC CLUB.

TRADEMARKS; REGISTRATION; RETROACTIVE STATUTES.

1. The trademark act creates no rights in a registered trademark, but merely provides evidence of the ownership of the right. (Citing *Einstein* v. *Sawhill,* 2 App. D. C. 10.)

2. Proceedings leading up to the registration of a trademark are matters of procedure which may be changed or abolished; and cases pending at the time of the enactment of an amendatory statute are governed by it, unless expressly excepted from its operation. (Citing *De Ferranti* v. *Lyndmark,* 30 App. D. C. 417.)

3. An application for the registration of a trademark of a winged foot which, before its adoption by the applicant, was for years a well-known emblem of an athletic club, is defeated by the enactment, during its pendency, of a statute prohibiting the registration of any distinguishing mark, character, or emblem adopted by any institution, organization, club or society incorporated in any state, prior to the date of adoption and use by the applicant.

No. 920, Patent Appeals.    Submitted November 10, 1914.    Decided December 7, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to the registration of a trademark.                                          *Affirmed.*

The facts are stated in the opinion.

*Mr. H. E. Dunlap* for the appellant.

*Mr. Ernest Wilkinson* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal is from concurrent decisions of the Patent Office tribunals in a trademark opposition proceeding in which the opposition of the New York Athletic Club, the appellee, to the registration as a trademark by John M. Given, the appellant, of the words "winged-foot," with a pictorial representation of the conventional winged foot of Mercury, was sustained.

The appellant adopted this mark in 1910. It is conceded that since April, 1870, this "winged foot" has been the emblem of the appellee.

The appellant's application was filed October 12, 1911. The statute then prohibited the registration of "any design or picture that has been or may hereafter be adopted by any fraternal society as its emblem. Section 5, act of February 20, 1905 [33 Stat. at L. 725, chap. 592] ([as amended] 34 Stat. at L. 1251, chap. 2573, Comp. Stat. 1913, § 9490). By the act of January 8, 1913 (37 Stat. at L. 649, chap. 7, Comp. Stat. 1913, § 9490), the registration also was prohibited "of any name, distinguishing mark, character, emblem, colors, flag, or banner adopted by any institution, organization, club, or society which was incorporated in any state in the United States prior to the date of the adoption and use by the appellant; Provided, That said name, distinguishing mark, character, emblem, colors, flag, or banner was adopted and publicly used by said institution, organization, club or society prior to the date of adoption and use by the applicant." In *Einstein* v. *Sawhill,* 2 App. D. C. 10, it was pointed out that the trademark act creates no rights in the mark registered, but merely provides evidence of the ownership of the right. This we have repeatedly emphasized since. In *De Ferranti* v. *Lyndmark,* 30 App. D. C. 417, it was ruled that "in a patent, no vested right of which the applicant cannot be deprived is acquired under the preliminary proceeding leading up to its issuance;" and that such right accrues, "if at all, when a patent is issued, and not before." As in a patent application, the proceedings lead-

ing up to the registration of a trademark are mere matters of procedure that may be changed or abolished, and, unless, expressly exempted from the operation of an amendatory statute, pending cases will be governed by it to the same extent as will be future cases arising under it.

As pending applications were not exempted from the operation of said amendatory act of 1913, it follows from what we have said that they were subject to its provisions, and hence that the Patent Office was right in refusing to register as a trademark for the appellant the emblem of the appellee, that emblem having been adopted and publicly used long prior to its adoption by the appellant. The decision is affirmed.    *Affirmed.*